**UNITED STATES of America ex rel., Edward Gordon SANDERS, Appellant,**

v.

**Major General Thomas YANCEY, Commanding General, Fort Hamilton, New York, and Lt. Col. Thomas G. Murphy, Commander, Armed Forces Examination and Entrance Station, Fort Hamilton, New York, Appellees.**

No. 143, Docket 30725.

United States Court of Appeals Second Circuit.

Argued Oct. 27, 1966.

Decided Nov. 14, 1966.

Alfred W. Charles, New York City (Broder, Feinberg & Charles, New York City), for appellant.

Ronald Gene Wohl, Asst. U. S. Atty., E. D. New York (Joseph P. Hoey, U. S. Atty., E. D. New York), for appellees.

Before LUMBARD, Chief Judge, MOORE and KAUFMAN, Circuit Judges.

### PER CURIAM:

Edward Gordon Sanders was classified 1A by his local board in June 1965, when it learned that he was no longer a student. In September of that year, Sanders enlisted in the National Guard. Unaware of this fact, his local board ordered him on October 20 to report for induction on November 17. The Notice to Report for Induction (SSS Form 252) plainly stated that "if you * * * are now a member of the National Guard * * * bring evidence with you * * *." Sanders made no attempt at that time to notify the board of his Guard status.

On November 8, Sanders was discharged from the Guard after he had failed to attend any meetings due to illness. His induction into the armed forces was subsequently postponed on three separate occasions for medical reasons. It was not until January 1966 that the board apparently learned of his one-time affiliation with the National Guard, and on March 7, Sanders finally requested the board to reopen his 1A classification, claiming that he was still a member of the Guard because his discharge had been improper. On May 11, Sanders was inducted into the Army, and on the next day he filed a petition for a writ of habeas corpus with the United States District Court for the Eastern District of New York. The application was denied by Judge Bruchhausen, 260 F.Supp. 855, and Sanders appeals from the resulting order. We affirm.

Appellant relies on 50 U.S.C.App. § 456(c) (2) (A) which provides that an individual "shall be deferred from training and service under this Act so long as he serves satisfactorily as a member of an organized * * * National Guard * * *." In order to grant such a deferment, however, the local board must be apprised of those facts which entitle the registrant to be deferred. Despite his enlistment in the Guard in September 1965, Sanders did not request a re-opening of his classification until March of the following year. He thus failed to heed the notice, printed on the draft card (Notice of Classification, SSS Form 110) sent to him by his board, that he was required to report in writing within ten days after it occurred, any fact that might change his classification. 32 C.F.R. § 1625.1(6). Moreover, he neglected to follow the instruction, contained on the Notice to Report for Induction, that evidence be presented of membership in the National Guard if such was claimed.

It is clear that once a notice to report for induction has been sent, an individual's classification may not be re-opened "unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 C.F.R. § 1625.2. This regulation is justified as part of an orderly administrative process. See United States v. Gearey, 368 F.2d 144 (2d Cir., October 21, 1966). Since Sanders claimed that he had been a member of the Guard prior to October 20, 1965, when his Notice to Report for Induction was sent, and that he was still a member in March 1966 when he asked to be reclassified, he failed to demonstrate any change in status that would permit the board to re-open his case. The Order to Report for Induction was valid, and Sanders was not denied any procedural rights to which he was entitled. His induction into the armed forces was lawful, and his application for a writ of habeas corpus was properly denied.

Affirmed.